**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-02566 |
| KATARZYNA DZIEKANIK, | ) | Honorable David D. Cleary |
| | ) | Hearing Date: Wed., May 31, 2023 |
| Debtor. | ) | at 10:00 a.m. |

# NOTICE OF MOTION

To:   See Attached Service List

**PLEASE TAKE NOTICE** that on **Wednesday, May 31, 2023** at **10:00 a.m.**, I will appear before the Honorable David D. Cleary or any other judge sitting in that judge's place either in courtroom 644 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 **or** electronically as described below, and present the **Trustee's Motion to Sell His and the Bankruptcy Estate's Right, Title and Interest in Real Estate Located in Krakow, Poland**, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode**. The meeting ID for this hearing is 161 122 6457 and the passcode is Cleary644.  The meeting ID and password can also be found on the judge's page on the Court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of

Objection is timely filed, the court may grant the motion in advance without a hearing.

By:   /s/Norman B. Newman
      Norman B. Newman, Trustee for the bankruptcy estate of Katarzyna Dziekanik

Norman B. Newman, ARDC No. 2045427
Mark S. Melickian (ARDC No. 6229843)
**Raines Feldman LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60606
Telephone:   312.704.9400
nnewman@raineslaw.com
mmelickian@raineslaw.com

## CERTIFICATE OF SERVICE

    Norman B. Newman, an attorney, affirms that he served a copy of the attached Motion upon those individuals listed on the attached service list at the address shown and by the method indicated on the list on May 10, 2023.

/s/Norman B. Newman

4858-7468-9379

## SERVICE LIST

Office of the United States Trustee
219 S. Dearborn St.
8th Floor
Chicago, IL 60604
**VIA ECF**

Robert R. Benjamin
Golan Christie Taglia LLP
70 W. Madison Street, Suite 1500
Chicago, IL 60602
**VIA ECF**

**VIA U.S. MAIL:**
Katarzyna Dziekanik
3017 Raccoon Cove
Island Lake, IL 60042

BMW Bank of North America
P.O. Box 78066
Phoenix, AZ 85062

Lexus Financial Services
P.O. Box 5855
Carol Stream, IL 60197

Wells Fargo Home Mortgage
P.O. Box 77036
Minneapolis, MN 55480-7736

Alicja M. Sroka & Associates, P.C.
7742 W. Higgins Road, #C-102
Chicago, IL 60631

American Express
P.O. Box. 96001
Los Angeles, CA 90096-8000

Amur Equipment Finance, Inc.
304 W. 3rd Street
P.O. Box 255
Grand Island, NE 68801

Apple Card
Goldman Sachs Bank USA
Lockbox 6112
P.O. Box 19170-6112

BMO Transportation Finance
P.O. Box 3040
Cedar Rapids, IA 52406

BMO Transportation Finance
P.O. Box 71951
Chicago, IL 60694-1951

BNSF Railway Co.
c/o Modestas Law Offices
401 S. Frontage Road, Suite C
Burr Ridge, IL 60527

Channel Partners Capital
11100 Wayzata Blvd. Suite 305
Minnetonka, MN 55305

Chase
Cardmember Service
P.O. Box 6294
Carol Stream, IL 60197

COFC Logistics, LLC
7015 Spring Meadows West Drive
Suite 202
Holland, OH 43528

Cubework
900 Turnbull Canyon Road
City of Industry, CA 91745

EFS, LLC
1104 Country Hills Drive
6th Floor
Ogden, UT 84403

Great American Insurance Co.
301 E. 4th Street
Cincinnati, OH 45202

JPMorgan Chase Bank, N.A.
5606 W. Montrose Avenue
Chicago, IL 60634

Lightstream
P.O. Box 11730
Atlanta, GA 30368-7320

Mitsubishi HC Capital America
21925 Network Place
Chicago, IL 60673-1219

Northwestern Medicine
P.O. Box. 4090
Carol Stream, IL 60197-4090

Old National Bank
P.O. Box 3728
Evansville, IN 47736

PayPal
Synchrony Bank
P. O. Box 965003
Orlando, FL 32896-5003

Transportation Alliance Bank Inc.
4185 Harrison Blvd.
Ogden, UT 84403

U.S. Bank Equipment Finance
P.O. Box 790448
St. Louis, MO 63179-0448

Volvo Financial Services
P.O. Box 26131
Greensboro, NC 27402-6131

Volvo Financial Services
P.O. Box 7247-0236
Philadelphia, PA 19170-0236

Cuba Trans, Inc.
c/o Piotr Krupa, Registered Agent
1244 Hunters Ridge E
Hoffman Estates, IL 60192

Henz Transport Group, Inc.
2600 S. 25th Avenue, Suite S
Broadview, IL 60155

Laxmi Leasing Co.
452 E. Deerpath Road
Wood Dale, IL 60191

M&K Trucking USA LLC
830 W. IL Rts. 22, Suite 117
Lake Zurich, IL 60047

VKA Express, Inc.
c/o Tomasz Falowski
308 Wisteria Drive
Streamwood, IL 60107

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No. 23-02566 |
| KATARZYNA DZIEKANIK, | ) Honorable David D. Cleary |
| | ) Hearing Date: Wed., May 31, 2023 |
| Debtor. | )            at 10:00 a.m. |
| | ) |

**TRUSTEE'S MOTION TO SELL HIS AND THE BANKRUPTCY ESTATE'S RIGHT, TITLE AND INTEREST IN REAL ESTATE LOCATED IN KRAKOW, POLAND**

Norman B. Newman, in his capacity as Trustee in the above-captioned case (the "***Trustee***"), requests that this Court enter an order under §363(b) of the United States Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6004, authorizing the Trustee to sell his and the bankruptcy estate's right, title and interest in a studio-unit condominium located at Wlodkowica 8/41, 31-452~ Krakow Poland (the "***Motion***") to the Debtor. In support of this Motion, the Trustee states:

1.  On February 27, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The Trustee was subsequently appointed and served as Trustee in this case.

2.  The Debtor is the 50% owner of a studio-unit condominium located at Wlodkowica 8/41, 31-452, in Krakow, Poland ("***Property***"). The co-owner is a cousin who resides in Poland.

3.  The Debtor has offered to purchase the Trustee's and the bankruptcy estate's right, title and interest in the Property for $14,000, taking the Property subject to all liens, claims and encumbrances. See Offer Letter attached as **Exhibit A**.

4.  In addition, the Debtor has further offered to waive any exemption claim she may have in the proceeds paid to the Trustee.

4858-7468-9379

5. The Debtor scheduled the value of the Property at $80,000. The Debtor owns 50% of the Property.

6. The Debtor provided market information on the Property, which is listed with a broker as needing substantial renovation. The Debtor also provided a multi-page, 33-point detailed list of required repairs and renovations necessary to make the Property fully habitable.

7. After considering this information, and the cost, delay and complexity of attempting to sell a half-interest in a studio-unit condominium unit located in Krakow, Poland, that requires substantial repairs, and the Debtor's waiver of any and all potential exemptions against the proceeds of the Property, the Trustee has concluded that it is commercially reasonable and an appropriate use of his business judgment to accept the Debtor's offer and sell his and the bankruptcy estate's right, title, and interest in the Property for $14,000, "as is, where is" and subject to all liens, claims and encumbrances.

**Basis for Relief**

8. Section 363 of the Bankruptcy Code provides that the Trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). To approve the use, sale or lease of property outside the ordinary course of business, this Court need only determine that Trustee's decision is supported by "some articulated business justification." *See, e.g., Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *see also Stephens Ind., Inc. v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986); *In re Abbott Dairies, Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999*); In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991).

9. The debtor or trustee must articulate a valid business justification for the disposition of an asset. This business judgment rule is akin to the presumption that in making a decision, the directors of a corporation acted on an informed basis, in good faith and in honest belief that the course of action was in the best interests of the company. *In re S.N.A. Nut Company*, 186 B.R. 98 (Bankr. N.D. Ill. 1995); *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a Debtors' management decisions.").

10. Thus, this Court should grant the relief requested in this motion if the Trustee demonstrates a sound business justification therefor. *See Schipper*, 933 F.2d at 515; *Lionel Corp.*, 722 F.2d at 1071; *Delaware Hudson Ry. Co.*, 124 B.R. at 179.

11. The sale of the Trustee's and the bankruptcy estate's right, title and interest in the Property constitutes a sound exercise of the Trustee's business judgment. Based on the cost, delay and complexity of attempting to sell a the Debtor's half-interest in a small, studio-unit condominium unit located in Krakow, Poland, and on information presented to the Trustee regarding the substantial repairs required to make the Property fully habitable, and thus impairing its value, the Trustee believes that he will save considerable time and expense and obtain fair value for the Property by accepting the $14,000 cash offer plus the waiver of exemption claims submitted by the Debtor.

12. The Trustee has provided notice of the hearing on the motion to all creditors and parties in interest in this matter. The Trustee requests that the Order approving the sale of his and the bankruptcy estate's right, title and interest in the Property become effective immediately upon entry and that any stay of the Order under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure be waived.

WHEREFORE, the Trustee respectfully requests entry of an order:

A.  Authorizing the Trustee to sell his and this bankruptcy estate's right, title and interest in the Property, "as is, where is" and subject to all liens, claims and encumbrances, to the Debtor for the sum of $14,000.00, plus the Debtor's waiver of any and all exemption claims that may be made against the proceeds of the Property;

B.  Authorizing the Trustee to execute such documents as are necessary to consummate the sale of the Property;

C.  Waiving any stay of the Order approving the Sale under Rule 6004(h) of the Federal Rules of Bankruptcy Procedures; and

D.  Granting such other and further relief as this Court deems just and appropriate.

Date: May 10, 2023                By:  /s/ Norman B. Newman
                                       Norman B. Newman, Trustee for the
                                       bankruptcy estate of Katarzyna Dziekanik

Norman B. Newman, ARDC No. 2045427
Mark S. Melickian, ARDC No. 6229843
**Raines Feldman LLP**
30 N. LaSalle St., Ste. 3100
Chicago, Illinois 60606
Telephone:  312.704.9400
Facsimile:   312.372.7951
nnewman@raineslaw.com
mmelickian@raineslaw.com

4

4858-7468-9379